## SAMUEL NORRIS, Respondent, *v.* JOHN LAPSLEY and WILLIAM MULDROW, Appellants.

Before an action can be brought for interference with a vested right, the plaintiff must fully comply with the laws in relation thereto.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

This was a bill for an injunction to prevent the defendants from exercising ferry privileges on the American river. The Court granted the injunction, and defendants appealed. The opinion of the Court contains the facts.

*L. Sanders, Jr.*, for Appellants.

*Robinson & Beatty*, for Respondents.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The respondent in this cause obtained from the Board of Supervisors for Sacramento county, whilst in existence, a license for a ferry privilege, to exist for one year; the Board of Supervisors being discontinued by Act of the Legislature, he continued to run his ferry boat after the expiration of the term of his license, without filing a new bond from the date of the expiration of his license, and without paying or tendering quarterly the per centage due the State from his receipts, as is required by law.

The plaintiff being in this situation in regard to his ferry, has no right of action, as against another who may be at the time running a ferry boat within one mile of his crossing.

The respondent himself must have fully complied with the laws, to entitle him to bring suit for an interference with his ferry privileges, and to entitle him to claim a renewal of his license, as a vested right, in the privileges of keeping and maintaining his ferry.

The order granting an injunction is reversed with costs.